| | |
|---|---|
| JOHN G. BAILEY,<br><br>                Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF HARBORVIEW MORTGAGE TRUST 2006-9 TRUST FUND,<br><br>                Defendant. | Civil Action No. 15-11825-MGM |

**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF JOHN G. BAILEY'S COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Deutsche Bank National Trust Company, as Trustee of Harborview Mortgage Trust 2006-9 Trust Fund ("Deutsche"), respectfully submits this memorandum of law in support of its motion to dismiss the April 14, 2015 Complaint (the "Complaint" or "Compl.") filed by Plaintiff John G. Bailey ("Plaintiff") for failure, as a matter of law, to state any cognizable claim for relief.

## I.    INTRODUCTION

Plaintiff's Complaint fails in its entirety because it hinges on the erroneous theory that Deutsche or its loan servicer was required to modify or renegotiate the terms of Plaintiff's mortgage loan.[1] Deutsche owed Plaintiff no legal or contractual obligation to modify or

---

[1] To the extent Plaintiff asserts Deutsche is responsible for the lending practices of the originating lender as assignee of the Mortgage, any claims relating to loan origination are time-barred, as explained herein, and such assertion is without legal merit. In the absence of statutorily created liability, Plaintiff cannot hold Deutsche responsible for the allegedly predatory practice of the originating lender. *Serra v. Quantum Servicing, Corp.*, 747 F.3d 37, 41 (1st Cir. 2014). Plaintiff makes no reference to the Predatory Home Loan Practices Act ("PHLPA"), Mass. G.L. c. 183C, which applies to certain "high cost" loans.

CHL:94575.1

renegotiate his mortgage loan. Furthermore, the Home Affordable Modification Program ("HAMP") does not provide a private right of action. Moreover, Plaintiff's claims are time-barred, and Plaintiff does not and cannot state a cognizable claim under Mass. G.L. c. 93A.

By way of background, on August 23, 2006, Plaintiff took out a loan of $975,000.00 (the "Loan") from Countrywide Home Loans, Inc. ("CHL") to refinance the property at 172 Highland Avenue Extension, Greenfield, MA 01301 (the "Property"). *See* Compl. ¶¶ 8, 13, 34. In exchange for the Loan, Plaintiff executed a promissory note (the "Note," attached as **Exhibit A**) and a mortgage (the "Mortgage," attached as **Exhibit B**)[2] to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for CHL. *See* Compl. Ex. C. On December 24, 2009, MERS assigned the Mortgage to Deutsche (the "Assignment," attached as **Exhibit C**).

As Plaintiff admits, he remains at the Property (along with numerous other individuals) despite defaulting on his loan repayment obligations in June 2008. Compl. ¶¶ 45-46, 66. Despite Plaintiff's default on the Loan, he now brings claims against Deutsche based on its alleged failure to modify the Loan. But nothing in the Note or Mortgage required Deutsche to modify the Loan, and Plaintiff lacks standing to assert claims under HAMP. Moreover, Plaintiff's claims are time-barred, and Plaintiff's conclusory allegations do not and cannot

---

To the extent the Court liberally construes Plaintiff's allegations as attempting to assert a claim under the PHLPA, Plaintiff fails to plead sufficient facts to establish his mortgage loan was a qualifying "high cost" loan. Chapter 183C defines such loans as those in which: (1) the annual percentage rate "exceed[s] by more than 8 percentage points for first-lien loans, or more than 9 percentage points for subordinate-lien loans, the yield on United States Treasury securities," or (2) "the total points and fees exceed the greater of 5 per cent of the total loan amount or $400." *Id*. § 2; *Serra* at 41. Because Plaintiff does not even cite the PHLPA and fails to allege facts to show that the PHLPA even applies to Plaintiff's mortgage loan, and because any claims relating to loan origination are time-barred, the only remaining allegations of acts by Deutsche revolve around Deutsche's alleged failure to modify the mortgage loan.

[2] Because Plaintiff refers to the Note, Mortgage, and assignment of the Mortgage in his Complaint, the Court properly may consider them when deciding the instant motion to dismiss. *See McGrath & Co., LLC v. PCM Consulting, Inc.*, No. 11-10930, 2012 WL 503629, at *9 (D. Mass. Feb. 15, 2012).

amount to a cognizable claim under Chapter 93A. For these and the additional reasons set forth, the Complaint should be dismissed for failure to state a cognizable claim for relief.

## II. ARGUMENT AND AUTHORITIES

### A. Applicable Legal Standard

The Court should dismiss outright a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss, a court accepts all well-pleaded facts as true and views them in the light most favorable to the claimant, but not conclusory allegations or legal conclusions masquerading as factual conclusions. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). Such will not prevent a motion to dismiss. *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992) (stating that the deferential standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized"). Accordingly, when a complaint, like Plaintiff's here, rests on threadbare conclusions alone, fails to allege specific facts of actionable conduct by the defendant, or fails to allege the requisite elements to state a claim for relief, it should be dismissed under Rule 12(b)(6).

**B. Deutsche Owed Plaintiff No Legal or Contractual Obligation To Modify the Loan, and Plaintiff Lacks Standing To Bring His HAMP-Based Complaint.**

Although Plaintiff bases both of his claims (Counts I and II) on Deutsche's alleged failure to modify the Loan, Plaintiff does not and cannot point to any legal or contractual obligation imposed on Deutsche to modify or renegotiate the terms of the Loan. Plaintiff does not allege any fact indicating that Deutsche failed to perform an obligation imposed on it by a mutually binding contract. Nothing in the Note or Mortgage requires Deutsche to modify the Loan. *See generally* Note (Ex. A); Mortgage (Ex. B). It is well settled that a bank has no obligation under a note or mortgage to modify a loan, absent an explicit provision in the loan documents. *Cabrera v. Sovereign Bank*, No. 1:13-CV-10335-RGS, 2014 WL 1803311, at *3 (D. Mass. May 7, 2014). Accordingly, Counts I and II, which are based on Deutsche's alleged failure to modify the Loan, should be dismissed with prejudice.

Furthermore, though Plaintiff references a "consumer relief fund," Compl. ¶ 60, he does not and cannot allege that this alleged fund or anything else constituted some sort of agreement between Plaintiff and Deutsche obligating Deutsche to modify or renegotiate the Loan. Simply put, Plaintiff does not and cannot identify any mutually binding agreement obligating Deutsche to modify or renegotiate the Loan.

Moreover, Plaintiff is barred from bringing a private right of action under HAMP. Plaintiff cannot create standing and avoid the legal bar against HAMP-based claims simply by labeling his causes of action as a claim for declaratory relief and a claim under Chapter 93A. As a contract between the government and loan servicers, HAMP does not provide a private right of action to borrowers. *MacKenzie v. Flagstar Bank, FSB*, 738 F.3d 486, 491-493 (1st Cir. 2013); *Spelos v. BAC Home Loans Servicing, L.P.*, No. 10-11503, 2010 WL 5174510, at *3-5 (D. Mass.

Dec. 14, 2010); *McKensi v. Bank of America, N.A.*, No. 09-11940-JGD, 2010 WL 3781841, at *5-6 (D. Mass. Sept. 22, 2010).

Mortgagors, like Plaintiff, do "not have standing to enforce HAMP provisions absent defendants' violation of a contractual provision to which [mortgagors are a] party." *Santelises v. Bank of America, N.A.*, No. 12-11164, 2012 WL 6045986, at *3 (D. Mass. Oct. 22, 2012) (internal citations omitted) (dismissing mortgagor plaintiff's complaint with prejudice; holding that mortgagor "may not obtain a declaration nullifying the foreclosure deed based on allegations that Bank of America failed to abide by its obligations under HAMP"). "As a majority of federal courts have determined, ***there is no private right of action under HAMP***. Nor are plaintiffs entitled to sue as third-party beneficiaries of the bank's contracts with the government." *McBride v. American Home Mtg. Servicing Inc.,* No. 11–10998–RWZ, 2012 WL 931247, at *2-3 (D. Mass. Mar. 19, 2012) (emphasis added) (internal citations omitted); *see also Marquez v. Wells Fargo Bank, N.A.*, No. 12–11725–RGS, 2012 WL 5457343, at *2 (D. Mass. Nov. 8, 2012) ("The prevailing view in this district and others is that defaulted mortgagors are not entitled to sue for HAMP violations as third-party beneficiaries under an agreement between the bank and the government . . . .") (internal citations omitted).

Plaintiff alleges that Deutsche's failure to provide a loan modification violated Mass. G.L. c. 93A, but "courts have almost uniformly found that HAMP creates no private right of action …." *Okoye v. Bank of New York Mellon*, No. 10–11563–DPW, 2011 WL 3269686, at *7 (D. Mass. July 28, 2011). ***Failure to grant a HAMP loan modification, or to comply with HAMP directives, is not a*** per se ***Chapter 93A violation.*** *Id.* In order to state a Chapter 93A claim based on alleged HAMP violations, a plaintiff must (1) adequately plead that the defendant violated HAMP; (2) the alleged violations must be of the type that would be ***independently***

***actionable conduct under Chapter 93A***, even absent the violation of the statutory provisions; and (3) if the conduct is actionable, recovery under Chapter 93A must be compatible with the "objectives and enforcement mechanisms of HAMP." *Id.* at *8 (citations omitted).

Plaintiff's allegations fail to meet the standard required by *Okoye* for Chapter 93A claims based on alleged HAMP violations. A refusal to enter a loan modification or workout cannot constitute an unfair or deceptive act under Chapter 93A as it is well settled that a bank has no obligation under a note or mortgage to modify a loan, absent an explicit provision in the loan documents. *Cabrera*, 2014 WL 1803311, at *3. Because there was no obligation for Deutsche, or its servicers, to negotiate a modification or short sale, and Plaintiff fails to plead sufficient factual matter demonstrating misrepresentations or dilatory conduct by Deutsche, failure to enter a modification cannot support Plaintiff's Chapter 93A claim.

As this Court has explained, "without further factual detail demonstrating unfairness, as opposed to clerical error or mere negligence, [a] claim for a violation of Chapter 93A cannot be sustained." *Kozaryn v. Ocwen Loan Servicing, LLC*, 784 F. Supp. 2d 100, 103 (D. Mass. 2011). In *Kozaryn*, the Court dismissed the plaintiff's Chapter 93A claim where the plaintiff alleged that the loan servicer failed to evaluate her application for a loan modification and instead sent a denial letter stating that her "financial details" were missing. *Id*. Accordingly, Plaintiff's conclusory allegation that Deutsche violated Chapter 93A by not providing Plaintiff a loan modification fails to state a cognizable claim.

Further, Plaintiff's allegation that Deutsche commenced foreclosure proceedings cannot support a claim for relief under Chapter 93A. *See* Compl. ¶ 50; *Brown v. Bank of America Corp.*, No. 10–11085, 2011 WL 1311278, at *3 (D. Mass. March 31, 2011). In *Brown,* the plaintiff submitted her HAMP application in August 2009, received notices of foreclosure

Page 6 of 12
CHL:94575.1

auction after her initial application, and discussed her eligibility with her loan servicer when she was receiving foreclosure auction notices and prior to foreclosure. *Id.* at *1-2. The Court held that "plaintiff failed to provide enough facts to make a claim plausible on its face that the defendants engaged in unfair and deceptive business practices." *Id.* at *3. Likewise in this case, Plaintiff's conclusory allegations do not suffice to state a claim under Chapter 93A.

In sum, Plaintiff bases both of his claims (Counts I and II) on Deutsche's alleged failure to modify the Loan, but Deutsche owed Plaintiff no legal or contractual obligation to modify the Loan, HAMP does not provide a private right of action, and Plaintiff does not allege any HAMP violations that are independently actionable under Chapter 93A. For all of these reasons, the Complaint should be dismissed, in its entirety, with prejudice.

### C. Plaintiff's Claims Related to Loan Origination and Default Are Time-Barred.

Claims brought under M.G.L. c. 93A are subject to the four-year statute of limitations. *Lambert v. Fleet National Bank*, 449 Mass. 119, 126, 865 N.E.2d 1091, 1097 (2007). A cause of action under Chapter 93A accrues when the plaintiff knew or should have known of harm resulting from the defendant's actions. *Maldonado v. AMS Servicing LLC*, No. CIV.A. 11-40044-FDS, 2012 WL 220249, at *5 (D. Mass. Jan. 24, 2012). A violation involving origination of a loan accrues from the moment the parties entered into the loan. *Da Silva v. U.S. Bank, N.A.*, 885 F. Supp. 2d 500, 504 (D. Mass. 2012). Plaintiff's Count I seeks declaratory relief based on an alleged violation of Chapter 93A, and Count II alleges damages as a result of an alleged violation of Chapter 93A. Plaintiff filed suit on April 10, 2015. The Loan originated in August 2006, but Plaintiff did not file suit until approximately eight years and seven months later. Accordingly, to the extent Plaintiff bases his claims on the Loan's origination, *see* Compl. ¶¶ 71-72, 75, the claims are time-barred. Even if using the default date as the accrual date (though the

Page 7 of 12
CHL:94575.1

date of the Loan's origination is the proper accrual date), suit was filed approximately six years and nine months after Plaintiff admits he defaulted on the Loan. *See id*. at 2, ¶¶ 45-46. To the extent Plaintiff's Chapter 93A claims (Counts I and II) are based on the Loan's origination (August 23, 2006), his claims are time-barred (even when using the date of default, June 2008, as the date of accrual), as a matter of law, and should be dismissed with prejudice.

To the extent Plaintiff's claims in Count I may be liberally construed to be based on alleged common law fraud or an alleged breach of contract, whether one construes Plaintiff's claim as lying in fraud or in contract, it expired, at latest, in August 2012—years before the instant action. *See, e.g., Okoli v. Okoli,* 81 Mass. App. Ct. 381, 386, 963 N.E.2d 737, 743 (2012) (identifying statute of limitations for Massachusetts fraud-based claims as three years); *Royal-Globe Ins. Co. v. Craven*, 411 Mass. 629, 636, 585 N.E.2d 315, 319 (1992) (applying six-year limitation of M.G.L. c. 260, § 2A to contract claims). Even if the default date was considered the accrual date, the claim would have expired, at latest, in June 2014. Therefore, to the extent Plaintiff's claims in Count I are liberally construed to constitute a claim of common law fraud or breach of contract, his claims still are time-barred, as a matter of law, and should be dismissed.

**D. The Complaint Should Be Dismissed Because Plaintiff Failed To Comply With Chapter 93A's Pre-Litigation Demand Requirement.**

Plaintiff fails to allege he complied with Chapter 93A's pre-litigation demand requirement. Section 9(3) of Chapter 93A requires that "[a]t least thirty days prior to the filing of any … action [for violation of 93A § 2], a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent." M.G.L. c. 93A § 9(3). Compliance with this provision is a requirement for pleading any Chapter 93A claim, and without it, Plaintiff fails to state a cognizable claim against Deutsche. *See O'Connor v.*

Page 8 of 12
CHL:94575.1

*Nantucket Bank*, 992 F. Supp. 2d 24, 38 (D. Mass. 2014); *Rhodes v. Ocwen Loan Servicing, LLC*, 44 F. Supp. 3d 137, 143 (D. Mass. 2014) ("Massachusetts courts have strictly adhered to Chapter 93A's demand requirement. Additionally, as a special element of a Chapter 93A cause of action, the plaintiff's complaint must allege that the plaintiff sent the demand letter to the defendant.") (internal citations omitted); *Smith v. Jenkins*, 777 F. Supp. 2d 264, 267 (D. Mass. 2011).

> **E.  Plaintiff's Conclusory Allegations Fail To State a Cognizable Claim Under Chapter 93A.**

To sustain a claim for a violation of Chapter 93A, a plaintiff must demonstrate that a defendant's conduct was unfair and deceptive, and that the conduct caused him injury. *Hershenow v. Enterprise Rent–A–Car Company of Boston, Inc.,* 445 Mass. 790, 840 N.E.2d 526 (2006). "For a cause of action pursuant to chapter 93A to proceed, the violation ... must be determined to be unfair or deceptive in and of itself[.]" *Morris v. BAC Home Loans Servicing, L.P.,* 775 F. Supp. 2d 255, 259 (D. Mass. 2011); *see also Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.,* 552 F.3d 47, 66 (1st Cir. 2009).

Plaintiff's Complaint fails because Plaintiff makes no factual allegations regarding any actions taken by Deutsche in violation of Chapter 93A.  Furthermore, Plaintiff does not and cannot allege any injury or damages as a result of any alleged conduct by Deutsche.  To sustain a claim under Chapter 93A, Plaintiff must establish that he suffered an injury that stems from the Chapter 93A misconduct. *Hershenow*, 445 Mass. at 798; *see also Brown v. Bank of America, Nat., Ass'n,* 67 F. Supp. 3d 508, 514 (D. Mass. 2014)("A Chapter 93A claimant must also sufficiently plead economic injury. Despite some remaining "tension" between earlier and later SJC decisions, Massachusetts courts now generally have returned to the notion that injury under chapter 93A means economic injury in the traditional sense.")(citing *Rule v. Fort Dodge Animal*

*Health, Inc.*, 607 F.3d 250, 255 (1st Cir.2010)). In this case, any conclusory allegation of harm was caused by Plaintiff's admitted default on his repayment obligations under the Loan. Any fees assessed, or negative credit reporting, result from Plaintiff's payment default and not Deutsche's alleged refusal to provide a loan modification. Moreover, Plaintiff concedes that he remains at the Property with others (who may pay him rent), and yet, he ceased making payments on the Loan in June 2008.

Finally, in order to seek damages resulting from a personal injury loss, such as emotional distress, Plaintiff must establish: "(1) that the [defendant] intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of the conduct; (2) that the conduct was "extreme and outrageous"; (3) that the actions of the defendant were the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was 'severe.'" *Brown v. Bank of America, Nat., Ass'n*, at 514-15. Plaintiff's threadbare assertion of anxiety and emotional distress without any of the above elements cannot support Plaintiff's damages claim.

For all of these reasons, Counts I and II (based on alleged violations of Chapter 93A) should be dismissed, in their entirety, with prejudice.

## III. CONCLUSION

For all of the foregoing reasons, the Court should grant Deutsche's motion and dismiss the Complaint in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Defendant respectfully requests that the Court hold oral argument on the motion to dismiss. Defendant believes that oral argument will materially assist the Court in ruling on the motion.

CHL:94575.1

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF
HARBORVIEW MORTGAGE TRUST
2006-9 TRUST FUND,

By its attorneys,

/s/ *Jennifer E. Greaney*
Stephen C. Reilly (BBO #555371)
Jennifer Greaney (BBO #643337)
SALLY & FITCH LLP
One Beacon Street
Boston, MA 02108
Tel: (617) 542-5542
Fax: (617) 542-1542
scr@sally-fitch.com
jeg@sally-fitch.com

October 1, 2015

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Jennifer E. Greaney, counsel for Deutsche, hereby certify pursuant to Local Rule 7.1 that I spoke by telephone with Peter T. Lane, Esq., counsel for Plaintiff, on October 1, 2015 to inform him of the instant motion and to confer in a good faith effort to narrow the issues presented by this motion.

/s/ *Jennifer E. Greaney*
Jennifer E. Greaney

CHL:94575.1

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be filed through the Court's ECF system on October 1, 2015. A copy hereof will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ *Jennifer E. Greaney*
Jennifer E. Greaney